UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES PENSION PLAN, ) ) ) Plaintiff, ) ) vs. ) ) BETH A. LAENEN, et al., ) ) Defendants. ) | Case No. 4:15 CV 1005 CDP |

# MEMORANDUM AND ORDER

Anheuser-Busch Companies Pension Plan brought this ERISA interpleader action to resolve who is entitled to deceased Plan participant Frank Laenen's benefits. Frank's first wife, Beth A. Laenen, claims that she is entitled to one-half of Frank's Plan benefits under the terms of a qualified domestic relations order (QDRO) entered March 16, 2015 in Missouri state court. Frank's second wife, Jennifer R. Laenen, contends that Beth is entitled to no Plan benefits. After briefing by the parties, I found that the Franklin County Circuit Court's Order entered March 16, 2015, does not qualify as a QDRO under ERISA. Based on the court's ruling, Jennifer Laenen seeks summary judgment in her favor. However, on April 4, 2017, Beth Laenen filed a motion in state court to modify or amend the Franklin County March 2015 Order. Beth seeks a stay in this case pending

resolution of her state-court motion, and for an order from the court that the Plan continue its "hold" on the disputed benefits until this case is resolved. Jennifer opposes a stay of this action. In the interests of judicial economy and under the court's discretionary power to control its own docket, I will stay this case.

## Discussion

According to the Supreme Court, "district courts … ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Ryan v. Gonzales*, 133 S.Ct. 696, 708 (2013) (quoting *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). A district court's broad discretion to stay proceedings is incidental to its power to control its own docket in consideration of the "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). See also *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 381-82 (1935), overruled on different grounds by *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988) (explaining that a court may stay a case "pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice.").

The scope of a court's discretion to grant a stay in a declaratory judgment action depends on whether a "parallel" state court action is pending. *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967 (8th Cir. 2013) (citing

*Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 999 (8th Cir. 2005)). When there is no parallel state action pending, the district court's discretion to stay is less broad and should be exercised according to the factors adopted by the Eighth Circuit:

(1) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue";

(2) whether the declaratory judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding";

(3) "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts";

(4) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending";

(5) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law' "; and

(6) "whether the declaratory judgment action is being used merely as a device for 'procedural fencing' – that is, 'to provide another forum in a race for res judicata' or 'achiev[e] a federal hearing in a case otherwise not removable."

*Lexington*, 721 F.3d at 968 (quoting *Scottsdale*, 426 F.3d at 998).

Jennifer and Beth dispute whether the state court proceeding is a "parallel" proceeding to this case. I need not decide this issue because even under the narrower discretionary standard of *Scottsdale*, I find that this action should be stayed.

The March 2015 Order contains a provision stating that the Franklin County Circuit Court "shall retain jurisdiction with respect to this Order to the extent required to maintain its qualified status and the original intent of the parties as stipulated herein." ECF No. 9-8, ¶ 14. In addition, Missouri statute specifically allows modification of "orders intended to be qualified domestic relations orders … for the purpose of establishing or maintaining the order as a qualified domestic relations order." Mo. Rev. Stat. § 425.330.5.

The third and fourth *Scottsdale* factors overwhelmingly weigh in favor of a stay, while the other factors provide no strong basis for denying one. The state court has a significant interest in reviewing this domestic relations issue requiring application of its own state statute, and it is the more efficient court for resolution of such an issue. A final ruling in this federal case will serve no useful purpose nor terminate this controversy while Beth's motion to modify in state court is pending. So long as modification of the March 2015 Order is still possible, any judgment from this court would be uncertain and could result in unnecessary entanglement with the state court system. Out of deference to the state court's jurisdiction over domestic relations issues and in the interests of judicial economy, I agree that Beth's motion pending in state court case should proceed first.

In an exercise of this court's discretion, this case will be stayed pending resolution of the related state-court matter. The court will not issue an order

directed at the Plan administrator concerning the dispersal of funds, but defendants Jennifer and Beth Laenen are ordered not to request any distribution of Frank Laenen's Anheuser-Busch Pension Plan benefits until this case has been finally resolved. In order to keep this court informed on the progress of the state-court matter, Beth Laenen shall file monthly status reports with this court.

Accordingly,

**IT IS HEREBY ORDERED** that Beth Laenen's Motion to Stay and for Order to Hold Disputed Funds [Doc No. 51] is **GRANTED** in part and **DENIED** in part. This case is stayed pending further order of the court.

**IT IS FURTHER ORDERED** that defendants Jennifer and Beth Laenen shall not request distribution of Frank Laenen's Plan benefits until this case has been finally resolved.

**IT IS FURTHER ORDERED** that counsel for defendant Beth Laenen must notify the court within ten (10) days of any state-court ruling or action in the related case by filing a status report with this court, and must file a status report every thirty (30) days even in the absence of any state-court developments.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2017.